UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

- v. -

LIN WU,
YING CHEN,
a/k/a "Jessica,"
ZE YU ZHU,
a/k/a "Jie Yu,"
FNU LNU,
a/k/a "Bei Jin,"
FNU LNU,
a/k/a "Chu,"
FNU LNU,
a/k/a "Zhong,"
HONG FENG LIN,
a/k/a "Bus,"
a/k/a "Peter,"
JIN ZHENG,
FNU LNU,
a/k/a "Mao Mao No. 1,"
YONG BIAO LI,
a/k/a "Elder Cousin,"
YU CHEN,
a/k/a "Cantonese Guy,"
WEN BIN WANG,
a/k/a "Commander,"
LE QING CHEN,
a/k/a "Yi Lok,"
REN YI YAU,
a/k/a "Ma Wei Di,"
XIN SHAN GUO,
FA ZHENG DONG,
SHOU WEN LIU,
a/k/a "Sanna,"
WEN ZHU,
FNU LNU,
a/k/a "Mr. Zhou,"
a/k/a "Boss,"
SHAN FENG GAO,
a/k/a "Zhu Pai,"
YOU LONG HOU,
a/k/a "Dai Mao,"

FNU LNU,
a/k/a "Mandarin Guy,"

INDICTMENT

12 Cr.

12 CRIM 707

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 17 2012

FNU LNU, :
a/k/a "Mao Mao No. 2,"
FNU LNU, :
a/k/a "Ban Dian,"
a/k/a "Ming Hang Huang," :
YU LIN,
a/k/a " Yu Zai," :
ZHEN QIANG WANG,
a/k/a "Yi Qiang," and :
PING CHEN,
:
Defendants.
:
- - - - - - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

1. From at least in or about 2010 through and including the present, in the Southern District of New York and elsewhere, LIN WU, YING CHEN, a/k/a "Jessica," ZE YU ZHU, a/k/a "Jie Yu," FNU LNU, a/k/a "Bei Jin," FNU LNU, a/k/a "Chu," FNU LNU, a/k/a "Zhong," HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," JIN ZHENG, and FNU LNU, a/k/a "Mao Mao No. 1," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 8, United States Code, Section 1324(a)(2)(B)(ii).

2. It was a part and an object of the conspiracy that LIN WU, YING CHEN, a/k/a "Jessica," ZE YU ZHU, a/k/a "Jie Yu," FNU LNU, a/k/a "Bei Jin," FNU LNU, a/k/a "Chu," FNU LNU, a/k/a "Zhong," HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," JIN ZHENG,

and FNU LNU, a/k/a "Mao Mao No. 1," the defendants, and others known and unknown, willfully and knowingly, and in reckless disregard of the fact that aliens had not received prior official authorization to come to, enter, and reside in the United States, would and did bring to and attempt to bring to the United States, for the purpose of commercial advantage and private financial gain, such aliens, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

OVERT ACTS

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about September 20, 2010, YING CHEN, a/k/a "Jessica," the defendant, spoke to a confidential source ("CS") to arrange for the smuggling Chinese nationals into the United States.

b. On or about October 21, 2010, LIN WU, the defendant, spoke to the CS to arrange for the smuggling of Chinese nationals into the United States.

c.On or about October 25, 2010, FNU LNU, a/k/a "Bei Jin," and FNU LNU, a/k/a "Mao Mao No. 1," the defendants, delivered to the CS copies of passports of Chinese nationals who were to be smuggled into the United States.

d. On or about December 7, 2010, LIN WU, ZE YU ZHU, a/k/a "Jie Yu," and FNU LNU, a/k/a "Chu," the defendants, arrived at a hotel in Queens, New York, to pick up Chinese nationals who had been smuggled into the United States.

e. On or about March 4, 2011, LIN WU, ZE YU ZHU, a/k/a "Jie Yu," FNU LNU, a/k/a "Chu," and FNU LNU, a/k/a "Zhong," the defendants, arrived at a hotel in Queens, New York, to pick up Chinese nationals who had been smuggled into the United States.

f. On or about August 30, 2011, LIN WU and JIN ZHENG, the defendants, arrived at a hotel in New York, New York, to pick up Chinese nationals who had been smuggled into the United States.

g. On or about April 7, 2012, HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," and LIN WU, the defendants, delivered to the CS copies of passports of Chinese nationals who were to be smuggled into the United States.

(Title 18, United States Code, Section 371.)

COUNT TWO

The Grand Jury further charges:

4. In or about August 2011, in the Southern District of New York and elsewhere, LIN WU, ZE YU ZHU, a/k/a "Jie Yu," FNU LNU, a/k/a "Bei Jin," HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," FNU LNU, a/k/a "Chu," FNU LNU, a/k/a "Zhong," and JIN ZHENG, the

defendants, willfully and knowingly, and in reckless disregard of the fact that an alien had not received prior official authorization to come to, enter, and reside in the United States, did bring and attempt to bring to the United States, for the purpose of commercial advantage and private financial gain, such alien, to wit, the defendants smuggled five Chinese nationals into the United States.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Section 2.)

COUNT THREE

The Grand Jury further charges:

5. From at least in or about 2010 through and including the present, in the Southern District of New York and elsewhere, YONG BIAO LI, a/k/a "Elder Cousin," YU CHEN, a/k/a "Cantonese Guy," WEN BIN WANG, a/k/a "Commander," LE QING CHEN, a/k/a "Yi Lok," REN YI YAU, a/k/a "Ma Wei Di," XIN SHAN GUO, FA ZHENG DONG, FNU LNU, a/k/a "Mr. Zhou," a/k/a "Boss," FNU LNU, a/k/a "Mandarin Guy," FNU LNU, a/k/a "Mao Mao No. 2," FNU LNU, a/k/a "Ban Dian," a/k/a "Ming Hang Huang," SHOU WEN LIU, a/k/a "Sanna," WEN ZHU, SHAN FENG GAO, a/k/a "Zhu Pai," YOU LONG HOU, a/k/a "Dai Mao," YU LIN, a/k/a "Yu Zai," LIN WU, ZE YU ZHU, a/k/a "Jie Yu," ZHEN QIANG WANG, a/k/a "Yi Qiang," and HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," the defendants, and others known and unknown, willfully and knowingly did combine, conspire,

confederate, and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that YONG BIAO LI, a/k/a "Elder Cousin," YU CHEN, a/k/a "Cantonese Guy," WEN BIN WANG, a/k/a "Commander," LE QING CHEN, a/k/a "Yi Lok," REN YI YAU, a/k/a "Ma Wei Di," XIN SHAN GUO, FA ZHENG DONG, FNU LNU, a/k/a "Mr. Zhou," a/k/a "Boss," FNU LNU, a/k/a "Mandarin Guy," FNU LNU, a/k/a "Mao Mao No. 2," FNU LNU, a/k/a "Ban Dian," a/k/a "Ming Hang Huang," SHOU WEN LIU, a/k/a "Sanna," WEN ZHU, SHAN FENG GAO, a/k/a "Zhu Pai," YOU LONG HOU, a/k/a "Dai Mao," YU LIN, a/k/a "Yu Zai," LIN WU, ZE YU ZHU, a/k/a "Jie Yu," ZHEN QIANG WANG, a/k/a "Yi Qiang," and HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

7. The controlled substances involved in the offense were (1) 50 kilograms and more of marijuana; (2) mixtures and substances containing a detectable amount of 3,4-methylenedioxymethamphetamine, commonly referred to as MDMA or Ecstasy; and (3) mixtures and substances containing a detectable amount of ketamine, all in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

COUNT FOUR

The Grand Jury further charges:

8. From at least in or about November 2010 through and including in or about January 2011, HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," the defendant, willfully and knowingly, and with intent to defraud, did produce, traffic in, have control and custody of, and possess, and attempt to produce, traffic in, have control and custody of, and possess, access device-making equipment, to wit, LIN possessed a credit card skimming device that was used to generate fraudulent credit cards to purchase items at a department store in New York, New York.

(Title 18, United States Code, Sections 1029(a)(4) and 2.)

COUNT FIVE

The Grand Jury further charges:

9. In or about August 2011, in the Southern District of New York and elsewhere, LIN WU, JIN ZHENG, and PING CHEN, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 2314 and 2315 of Title 18, United States Code.

10. It was a part and an object of the conspiracy that LIN WU, JIN ZHENG, and PING CHEN, the defendants, and others known and unknown, willfully and knowingly would and did

transport, transmit, and transfer in interstate and foreign commerce, goods, wares, merchandise, and money of the value of $5,000 and more, knowing the same to have been stolen, unlawfully converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

11. It was further a part and an object of the conspiracy that LIN WU, JIN ZHENG, and PING CHEN, the defendants, and others known and unknown, willfully and knowingly would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, and money of the value of $5,000 and more, which had crossed a State and United States boundary after being stolen, unlawfully converted, and taken, and knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

Overt Act

12. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about August 23, 2011, LIN WU, JIN ZHENG, and PING CHEN, the defendants, broke into a cargo container located at a warehouse in New Jersey and drove the container's contents to a storage facility located in New York, New York.

(Title 18, United States Code, Section 371.)

COUNT SIX

The Grand Jury further charges:

13. On or about April 13, 2012, in the Southern District of New York and elsewhere, SHOU WEN LIU, a/k/a "Sanna," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did falsify, conceal, and cover up by trick, scheme, and device a material fact, and did make materially false, fictitious, and fraudulent statements and representations, to wit, LIU participated in an interview with representatives of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations and the United States Attorney's Office for the Southern District of New York in New York, New York, in which he made the following false statements and concealed and covered up facts that were material to the investigation:

Specification One

LIU falsely stated that he was never involved in the distribution of illegal drugs, including marijuana and ketamine, except to occasionally refer customers of his gambling parlor to dealers who could supply them with ketamine.

Specification Two

LIU falsely stated that he did not make any money from drug sales, either directly or by commission.

Specification Three

LIU falsely stated that the only people he was aware of that sold ketamine were FNU LNU, a/k/a "Zhu Pai," FNU LNU a/k/a "Yu Yang," FNU LNU, a/k/a "Bao Mao," FNU LNU, a/k/a "Ronny," and FNU LNU, a/k/a "Steve."

Specification Four

LIU identified a photograph of HONG FENG LIN, a/k/a "Bus," a/k/a "Peter" (who LIU knew as "Lin Feng") and falsely stated that LIU knew LIN only as a customer at LIU's gambling parlor, and as a cook at a Chinese restaurant.

(Title 18, United States Code, Sections 1001(a)(1) and (a)(2).)

FIRST FORFEITURE ALLEGATION

14. As a result of committing the offenses alleged in Counts One and Two of this Indictment, LIN WU, YING CHEN, a/k/a "Jessica," ZE YU ZHU, a/k/a "Jie Yu," FNU LNU, a/k/a "Bei Jin," FNU LNU, a/k/a "Chu," FNU LNU, a/k/a "Zhong," HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," JIN ZHENG, and FNU LNU, a/k/a "Mao Mao No. 1," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6)(A), any conveyance, including any vessel, vehicle or aircraft used in the commission of the alien smuggling offenses, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the alien smuggling offenses, and any and all property used or intended to be used in any manner or part to facilitate the commission of the alien smuggling offenses.

Substitute Asset Provision

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has be substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982(a)(6)(A).)

SECOND FORFEITURE ALLEGATION

16. As a result of committing the controlled substance offense alleged in Count Three of this Indictment, YONG BIAO LI, a/k/a "Elder Cousin," YU CHEN, a/k/a "Cantonese Guy," WEN BIN WANG, a/k/a "Commander," LE QING CHEN, a/k/a "Yi Lok," REN YI YAU, a/k/a "Ma Wei Di," XIN SHAN GUO, FA ZHENG DONG, FNU LNU, a/k/a "Mr. Zhou," a/k/a "Boss," FNU LNU, a/k/a "Mandarin Guy," FNU LNU, a/k/a "Mao Mao No. 2," FNU LNU, a/k/a "Ban Dian," a/k/a

"Ming Hang Huang," SHOU WEN LIU, a/k/a "Sanna," WEN ZHU, SHAN FENG GAO, a/k/a "Zhu Pai," YOU LONG HOU, a/k/a "Dai Mao," YU LIN, a/k/a "Yu Zai," LIN WU, ZE YU ZHU, a/k/a "Jie Yu," ZHEN QIANG WANG, a/k/a "Yi Qiang," and HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Three of this Indictment.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, 853.)

THIRD FORFEITURE ALLEGATION

18. As a result of committing the offense alleged in Count Four of this Indictment, HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense alleged in Count Four.

Substitute Asset Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Section 1029.)

FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

**- v. -**

LIN WU, YING CHEN, a/k/a "Jessica," ZE YU ZHU, a/k/a "Jie Yu," FNU LNU, a/k/a "Bei Jin," FNU LNU, a/k/a "Chu," FNU LNU, a/k/a "Zhong," HONG FENG LIN, a/k/a "Bus," a/k/a "Peter," JIN ZHENG, FNU LNU, a/k/a "Mao Mao No. 1," YONG BIAO LI, a/k/a "Elder Cousin," YU CHEN, a/k/a "Cantonese Guy," WEN BIN WANG, a/k/a "Commander," LE QING CHEN, a/k/a "Yi Lok," REN YI YAU, a/k/a "Ma Wei Di," XIN SHAN GUO, FA ZHENG DONG, SHOU WEN LIU, a/k/a "Sanna," WEN ZHU, FNU LNU, a/k/a "Mr. Zhou," a/k/a "Boss," SHAN FENG GAO, a/k/a "Zhu Pai," YOU LONG HOU, a/k/a "Dai Mao," FNU LNU, a/k/a "Mandarin Guy," FNU LNU, a/k/a "Mao Mao No. 2," FNU LNU, a/k/a "Ban Dian," a/k/a "Ming Hang Huang," YU LIN, a/k/a "Yu Zai," ZHEN QIANG WANG, a/k/a "Yi Qiang," and PING CHEN,

**Defendants.**

**INDICTMENT**

12 Cr.

(8 U.S.C. § 1324(a); 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C) & 846; 18 U.S.C. §§ 2, 371, 1001, 1029.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

9/17/12 FILED SEALED INDICTMENT

COTT, USMJ